UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ZOE NEFF,<br><br>                Plaintiff,<br><br>    v.<br><br>SEARS, ROEBUCK AND CO.,<br><br>                Defendant. | NO. CV-08-3054-EFS<br><br>**ORDER GRANTING AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

    Before the Court, without oral argument, is Defendant Sears, Roebuck and Co.'s ("Sears") Motion for Summary Judgment, filed July 6, 2009. (Ct. Rec. 13.) Sears seeks summary judgment on Plaintiff Zoe Neff's sexual harassment, gender discrimination, and retaliation claims. After review, the Court is fully informed and finds that while Plaintiff's harassment and retaliation claims are properly dismissed, her gender discrimination claim remains an issue for trial. The reasons for the Court's Order are set forth below.

ORDER ~ 1

# I. Background[1]

Plaintiff was employed at Sears' Union Gap, Washington store from January 3, 2005, until August 7, 2006, as a commission sales associate in the large-appliance department. (Ct. Rec. 34-2, No. 3.) Kyle Kosik, the Brand Central Assistant Store Manager, supervised Plaintiff and reported to Ruth Flanigan, the store's General Manager. *Id.*, Nos. 4 & 5. Vicki Johnson served as the store's Human Resource Assistant. *Id.*, No. 6.

After receiving training, Plaintiff began working part-time on the sales floor on February 3, 2005. *Id.,* No. 16. Within one (1) week, Robert Courier, a fellow sales associate, reported to Ms. Johnson that Plaintiff had violated his "personal space." *Id.,* No. 35; Ct. Rec. 24 ¶ 7. Ms. Johnson investigated the incident and met with Plaintiff, who admitted that she tapped Mr. Courier on the arm in order to get his attention. (Ct. Rec. 27, pg. 7 at 109:19-111:5.) On February 8, 2005, Ms. Johnson prepared an Ethics/Policy Violation documenting the "harassment." (Ct. Rec. 15, Ex. 5.)

During her employment, Plaintiff complained several times to Ms. Flanigan, Ms. Johnson, and Mr. Koski that the male[2] sales associates

---

[1] In a motion for summary judgment, the facts are set forth in a light most favorable to the nonmoving party - here, that is Plaintiff. *Leslie v. Grupo ICA,* 198 F.3d 1152, 1158 (9th Cir. 1999).

[2] Except for a one-month period during Plaintiff's employment, all other large-appliance department sales associates were men. (Ct. Rec. 34-2 ¶ 102.)

ORDER ~ 2

in the large-appliance department ("male co-workers") treated her improperly. (Ct. Recs. 24 ¶¶ 15-18; 27, pg. 13 & 14 at 293:2-294:24.) In particular, that her male co-workers told customers she was not working (when she was) and did not ring sales for her; meanwhile, her male co-workers engaged in courtesies for each other. Plaintiff also reported that Spanish-speaking co-worker Sergio Antunez would interrupt her when she was about to finish a sale with a Spanish-speaking customer and then take the sale away from her. (Ct. Rec. 20-3 at 166:11-25; 170:8-171:1.) In addition to sharing these concerns with Sears' Union Gap management, Plaintiff spoke with the Sears Associate Service Center regarding the "boys club" mentality that she was experiencing and that management was not addressing. (Ct. Rec. 34-2, No. 11.) There is no evidence that management either formally or informally addressed Plaintiff's "boys club" complaints.

Yet management documented the male co-workers' complaints regarding Plaintiff's alleged sub-par sales tactics and customer service. Because of these complaints, as well as customer complaints, a Documentation of Performance Issues was completed on August 3, 2005. (Ct. Rec. 34-2, No. 119.)

In August 2006, Mark Guthrie, an openly gay co-worker, reported to Ms. Flanigan that Plaintiff sexually harassed him. (Ct. Recs. 34-2, Nos. 53, 54, 58; 27 at 298:1-2; 24 ¶ 29). Ms. Flanigan interviewed Mr. Artunez, a fellow co-worker who independently corroborated some of the complaints about Plaintiff's behavior. (Ct. Rec. 34-2, No. 59.) Ms. Flanigan decided to terminate Plaintiff based on these sexual harassment complaints. *Id.,* No. 52.

ORDER ~ 3

On August 7, 2006, Ms. Flanigan asked Plaintiff to come to her office; Ms. Johnson was also present. *Id.*, Nos. 62 & 63. After Ms. Flanigan advised Plaintiff that there was a sexual harassment complaint filed against her, Plaintiff left the meeting, advising that she would be back. *Id.*, Nos. 64 & 65. Plaintiff returned a few minutes later with a copy of an August 3, 2006 letter addressed to then-Sears CEO Aylwin Lewis. The letter complained about the "boys club" environment and lack of response by Sears' Union Gap management.[3] *Id.*, No. 67. After providing the letter to Ms. Flanigan, Plaintiff informed Mses. Flanigan and Johnson that she needed to leave and meet with her lawyer. *Id.,* No. 68. Plaintiff returned to the store at approximately 5:00 p.m. to meet with Ms. Johnson and Glen Trejo, Sears' Loss Prevention Manager.[4] *Id.*, Nos. 71-74. Ms. Johnson informed Plaintiff that she was terminated at that time.

On August 2, 2006, five (5) days before her termination, Plaintiff applied for a full-time sales position with Sears. *Id.*, No. 172. This position was not filled before Plaintiff's termination. *Id.,* No. 173.

On January 18, 2007, Plaintiff filed a gender discrimination charge with the Equal Employment Opportunity Commission. *Id.,* No. P3. On March 19, 2007, the EEOC found reasonable cause that discrimination had

---

[3] Plaintiff mailed the letter to Mr. Lewis earlier that morning.

[4] Ms. Flanigan asked Mr. Trejo to attend the meeting because she was uncomfortable with Plaintiff's behavior earlier that day; Ms. Johnson explained this to Plaintiff. (Ct. Rec. 34-2, Nos. 74 & 75.)

ORDER ~ 4

occurred. *Id.* Plaintiff filed the above-captioned matter on August 19, 2008. (Ct. Rec. 1.)

**II. Discussion**

**A. Standard**

Summary judgment is appropriate if the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). Once a party has moved for summary judgment, the opposing party must point to specific facts establishing that there is a genuine issue for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). If the nonmoving party fails to make such a showing for any of the elements essential to its case for which it bears the burden of proof, the trial court should grant the summary judgment motion. *Id.* at 322. "When the moving party has carried its burden of [showing that it is entitled to judgment as a matter of law], its opponent must do more than show that there is some metaphysical doubt as to material facts. In the language of [Rule 56], the nonmoving party must come forward with 'specific facts showing that there is a *genuine issue for trial.*'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87 (1986) (citations omitted) (emphasis in original opinion).

When considering a motion for summary judgment, a court should not weigh the evidence or assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986). This does not mean that a court will accept as true assertions

ORDER ~ 5

made by the non-moving party that are flatly contradicted by the record. *See Scott v. Harris,* 550 U.S. 372, 380 (2007).

**B.   Analysis**

Sears seeks summary judgment in its favor on Plaintiff's sexual harassment, gender discrimination, and retaliation claims. Each claim will be addressed in turn.

### 1.   Hostile Work Environment

To establish a prima facie hostile work environment case, a plaintiff must establish that : "1) she was subjected to sexual advances, requests for sexual favors, or other verbal or physical conduct of a sexual nature; 2) the conduct was unwelcome; and 3) the conduct was sufficiently severe to alter the conditions of her employment and create an abusive working environment." *EEOC v. Hacienda Hotel*, 881 F.2d 1504, 1514-15 (9th Cir. 1989) (citing *Jordan v. Clark*, 847 F.2d 1368, 1373 (9th Cir. 1988)), *abrogated in part on other grounds by Faragher v. City of Boca Raton*, 524 U.S. 775, 787-88 (1998). The court is to examine the totality of the circumstances in assessing whether the harassing conduct creates a hostile working environment. *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993).

Here, there is no evidence that Plaintiff was subjected to sexual advances, requests for sexual favors, or conduct of a physical nature. (Ct. Rec. 34-2, Nos. 82-86.) Accordingly, the Court grants Sears' motion in part and dismisses Plaintiff's hostile work environment claim.

### 2.   Gender Discrimination

Title VII makes it an unlawful employment practice "to discriminate against any individual with respect to his compensation, terms,

ORDER ~ 6

conditions, or privileges of employment, because of such individual's . . . sex . . . ." 42 U.S.C. § 2000e-2(a).[5] Plaintiff is pursuing a disparate-treatment discrimination claim. To prove disparate treatment, she must prove that Sears intentionally discriminated against her. *Pejic v. Hughes Helicopters, Inc.*, 840 F.2d 667, 672 (9th Cir. 1988). A gender discrimination claim based on indirect evidence[6] is governed by the burden-shifting analysis set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Under the *McDonnell Douglas* burden-shifting analysis, a plaintiff must first establish a prima facie discrimination case. *Llamas v. Butte Cmty. Coll. Dist.*, 238 F.3d 1123, 1126 (9th Cir. 2001). If the plaintiff establishes a prima facie case, then the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for its adverse employment action. *Id.* If the employer makes this showing, then the burden shifts back to the plaintiff to show that the employer's purported reason for the adverse employment action is merely a pretext for a discriminatory motive. *Id.* Although the burden

---

[5] An employer violates Title VII if a protected characteristic is a "motivating factor" in the employment action; it need not be the only factor. 42 U.S.C. § 2000e-2(m).

[6] Plaintiff contends that the Court need not use the *McDonnell Douglas* burden-shifting analysis because her discrimination claim is based on direct evidence. The Court disagrees. The evidence submitted by Plaintiff is indirect evidence of discrimination. *See Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1221 (9th Cir. 1998); *Enlow v. Salem-Keizer Yellow Cab Co.*, 389 F.3d 802, 812 (9th Cir. 2004).

ORDER ~ 7

shifts back and forth between the parties, the plaintiff bears the ultimate burden of demonstrating that the employer engaged in intentional discrimination. *See Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 143 (2000) (citations omitted).

        a.   *Prima Facie Case*

To establish a prima facie discrimination case, a plaintiff must show that 1) she belongs to a protected class, 2) she was performing according to her employer's legitimate expectations, 3) she suffered an adverse employment action, and 4) other employees with similar qualifications were treated more favorably. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1062 (9th Cir. 2002) (citations omitted). This showing is minimal and does not even need to rise to the level of a preponderance of the evidence. *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 889 (9th Cir. 1994); *see also Sischo-Nownejad v. Merced Cmty. Coll. Dist.*, 934 F.2d 1104, 1110-11 (9th Cir. 1991) ("The amount [of evidence] that must be produced in order to create a prima facie case is very little.") "Establishment of the prima facie case in effect creates a presumption that the employer unlawfully discriminated against the employee." *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254 (1981).

It is undisputed for purposes of this summary judgment motion that Plaintiff 1) belongs to a protected class, i.e., she is female; 2) was qualified to perform her job; and 3) suffered an adverse employment action, i.e., termination. Sears challenges only Plaintiff's ability to establish that she was similarly situated to her male co-workers. To that end, Sears argues that Plaintiff was not similarly situated because

ORDER ~ 8

she had a number of co-worker and customer complaints filed against her, while her male co-workers did not. This argument, however, overlooks Plaintiff's complaints about her male co-workers to the Union Gap store's management - complaints that management took no action on.[7] Accordingly, the Court finds at this stage that Sears cannot rely upon the lack of complaints about the male co-workers as a basis to show that Plaintiff was not similarly situated to them.

Because Plaintiff performed the same job as her fellow male large appliance sales associates, the Court concludes, notwithstanding the apparent discrepancy in the number of customer complaints lodged against Plaintiff as compared to her male co-workers, that she has satisfied the "similarly-situated" requirement for purposes of summary judgment. *See Vasquez v. County of Los Angeles*, 349 F.3d 634, 641 (9th Cir. 2003); *see also Lanear v. Safeway Grocery*, 843 F.2d 298, 301 (8th Cir. 1988) (finding that a plaintiff is similarly situated to another when the plaintiff and the employee are similarly situated in all relevant respects). This is especially true considering the low bar for establishing a prima facie case.

        b.    *Legitimate, Nondiscriminatory Reason*

In step two, the burden shifts to the employer to demonstrate that it had a legitimate, nondiscriminatory reason for its adverse employment action. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506-07 (1981).

---

[7]Some of these complaints were corroborated by other female co-workers in other departments.

ORDER ~ 9

Here, Sears terminated Plaintiff because of two (2) sexual harassment complaints. Sexual harassment by an employee is a legitimate, nondiscriminatory reason for termination. *See McCullough v. Univ. of Ark. for Med. Sci.*, 559 F.3d 855, 862 (8th Cir. 2009).

      c.   *Pretext*

Because Sears articulated a valid reason for terminating Plaintiff's employment, the presumption of unlawful discrimination "simply drops out of the picture." *St. Mary's Honor Ctr.*, 509 U.S. at 511. Plaintiff now bears the burden to demonstrate that Sears' stated reason for the termination was false and that the true reason was unlawful gender discrimination. *See id.* at 507-08; *Lindahl v. Air France*, 930 F.2d 1434, 1437 (9th Cir. 1991). To avoid summary judgment, a plaintiff "must do more than establish a prima facie case and deny the credibility of the [defendant's] witnesses" - the plaintiff must produce "specific, substantial evidence of pretext." *Wallis*, 26 F.3d at 890.

The Court finds that Plaintiff's produced evidence is sufficient to create a triable issue on pretext. Plaintiff claims that the sexual harassment claims filed against her were false and presented evidence to support her argument that management reasonably should have questioned both Mr. Courier's, Mr. Guthrie's, and Mr. Artunez' credibility because management knew of Mr. Courier's inappropriate sexual behavior towards other female employees, the "boys club" attitude in the large-appliance department, and the hostile nature of Mr. Artunez and Plaintiff's work relationship. Upon review, the Court concludes that a jury could find that management's decision to terminate Plaintiff was not based on the two (2) sexual harassment complaints, but rather due to Plaintiff's

ORDER ~ 10

gender. Although Mr. Kosik is entitled to the same-actor inference[8] because he recruited Plaintiff to work in Sears' large-appliance department, a reasonable juror could conclude that this inference is refuted given Mr. Kosik's continued inaction on Plaintiff's "boys club" complaints.

### 3. Retaliation

The *McDonnell Douglas* burden-shifting analysis also applies to federal and state retaliation claims. *Bergene v. Salt River Project Agrric. Improvement & Power Dist.*, 272 F.3d 1136 (9th Cir. 2001). To establish a prima facie retaliation case, a plaintiff must establish that 1) she engaged in a protected activity, 2) she suffered an adverse employment action, and 3) there is a causal link between her activity and the employment decision. *Stegall v. Citadel Broad. Co.*, 350 F.3d 1061, 1065-66 (9th Cir. 2003); *see also Washington v. Boeing Co.*, 105 Wn.2d 1, 14 (2000) (requiring a showing of a protected activity, an adverse employment action, and that protected activity was substantial factor in employer's decision).

Plaintiff did not address retaliation in her summary judgment opposition, and the Court finds no evidence to create a triable factual issue as to a causal link between Plaintiff's complaints and her

---

[8]"[W]here the same actor is responsible for both the hiring and the firing of a discrimination plaintiff, and both actions occur within a short period of time, a strong inference arises that there was no discriminatory motive." *Bradley v. Harcourt, Brace & Co.*, 104 F.3d 267, 270-71 (9th Cir. 1996).

ORDER ~ 11

termination.  Accordingly, Sears' motion is granted in part and Plaintiff's state and federal retaliation claims are dismissed.

### III. Conclusion

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion for Summary Judgment **(Ct. Rec. 13)** is **GRANTED** (sexual harassment and retaliation claims) **and DENIED** (gender discrimination) **IN PART.**

2. **No later than September 30, 2009,** the parties shall meet and confer and file a status update informing the Court which of the parties' recently-filed objections and motions *in limine* are now moot in light of the Court's rulings.

**IT IS SO ORDERED.**  The District Court Executive is directed to enter Order and provide copies to counsel.

**DATED** this ___22___ day of September 2009.


                    s/Edward F. Shea
                    EDWARD F. SHEA
               United States District Judge


Q:\Civil\2008\3054.msj.wpd

ORDER ~ 12